# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

DONNA DELPINO,

    Plaintiff,

v.                              Case No. 5:23-cv-482-JA-PRL

KEYONA CHRISTINE KEEVEN
and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendants.

_____

## ORDER

This case is before the Court on review of the Notice of Removal (Doc. 1).

Federal courts are courts of limited jurisdiction and have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985). This obligation exists even where no party has challenged subject-matter jurisdiction. In this case, the Court is in doubt as to its subject-matter jurisdiction.

Donna Delpino filed this automobile negligence action in state court in Lake County, Florida, (Complaint, Doc. 1-3), and Defendant Keyona Christine Keeven removed it to this Court, (Notice of Removal, Doc. 1). Defendant Keeven,

as the party invoking this Court's jurisdiction, bears the burden of establishing that subject-matter jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendant Keeven relies on 28 U.S.C. § 1332(a) as the basis for this Court's subject-matter jurisdiction, asserting that the parties are of diverse citizenship and that the minimum amount in controversy is satisfied. The Notice of Removal asserts that "the amount in controversy exceeds the sum of $75,000.00." (Doc. 1 ¶ 8). But the only statements in the Notice of Removal that relate to the amount in controversy are that "[t]he Amended Complaint alleges that the damages exceed" $50,000 and that Defendant Keeven's vehicle "was totaled and was worth in excess of $15,193.50 paid by her insurance company." (*Id.* ¶ 7). The Court is at a loss as to how these assertions support jurisdiction.

"A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20. Here, the Notice of Removal does not contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

In sum, the Court cannot determine whether the requisite amount in controversy is satisfied. Accordingly, it is **ORDERED** that **no later than August 21, 2023**, Defendant Keeven shall file an Amended Notice of Removal

and supporting materials establishing the amount in controversy in this case.

**DONE** and **ORDERED** on August 7th, 2023.

                                            JOHN ANTOON II
                                            United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties